Thank you, Your Honor. I may have pleased the Court. The District Court correctly applied the Commodities Law Guidelines Enhancement, and that enhancement applies when a defendant violates the Commodities Laws while acting as a commodity pool operator. The Commodities Laws prohibit pool operators from defrauding investors in those pools. And the sentencing record in this case supported the District Court's finding that the defendant violated that provision of the Commodities Laws while acting as a commodity pool operator. And before getting to the record, I think it's important to keep in mind that a commodity pool is defined as an investment fund that's operated for the purposes of investing in commodity interests, such as futures contracts. So, Mr. Eikens, here, what I had wanted to ask both sides about, but you in particular, was what the government's position is on this argument that is stressed in the reply brief about whether these investment products were excluded commodities under 7 U.S.C. Section 1A.19. I didn't see a sharp answer to that in the government's brief. Yes, Your Honor. So, the defendant argued at sentencing that the products that he intended to trade or that he did trade were indexed, were stock indexes, which are a different form. Broad-based indexes, so they fell outside, so they were excluded, right? Correct. But that was just the defendant's position. The sentencing record contained additional evidence besides just what he said and argued at sentencing and besides his plea declaration that suggested that S&P indexed futures, not just index options, were what the funds intended to trade. And those futures clearly fall within the definition of commodity interests. And so, respectfully, I would say that... Well, Your Honor, the S&P 500 dividend index, I believe, is different from the S&P 500 e-mini futures index, which is what the defendant told one of the investors that he would be investing his money in. I confess that I also had hoped to ask the defendant's counsel about this point. But I had understood that the way this excluded commodity definition works is that it's not excluded for purposes of the Commodity Exchange Act entirely. Rather, there are several specific provisions in the Commodity Exchange Act having to do with... Well, they're complicated and they're precise, but they do not exclude coverage from the Commodity Exchange Act as a whole, and certainly not from the fraud provisions of 6-0. And so, it seemed to me that the defendant's argument was based on trying to give far too much significance to this notion of an excluded commodity, which is a narrow term of art for limited purposes under the Act. Yeah, I think that's correct, Your Honor. And I think, more importantly, the index options that the defendant is referring to are just one of the instruments that the sentencing record reflects were traded by the funds. So, even if those were excluded commodities for the purposes of this sentencing enhancement, there still is evidence that the funds intended to trade S&P 500 futures, which are commodity interests governed by the commodities laws. And what about your Investment Advisor Act? I thought the government had a second backup that in any event, the enhancement could be justified that way. That's true, Your Honor. There's actually two backup arguments that the government advanced in sentencing. The district court didn't address those, but the government argued that even were the court to find that the commodities law violation prong of the enhancement doesn't apply here. There are two alternative bases for that same enhancement to apply. The first is that the defendant was a commodity trading advisor rather than a commodity pool operator at the time of the offense. And the second is the securities law prong that you just mentioned, Judge Wood, which was that at the time of the offense, the defendant was an investment advisor, and his offense violated the securities laws. And the very short answer is to the government's argument on the securities law prong is that the fund documents themselves were described as securities. The defendant admitted in his plea declaration that he used those fund documents to mislead investors and to lure them. Did he also admit he was an investment advisor in this plea declaration? He did not, Your Honor, but he did admit that he had sole trade discretion over the funds, and the fund documents gave him compensation of a certain percentage of any trading profits. And so I think the undisputed portions of the record establish that he satisfied the definition of an investment advisor under the securities laws. So in other words, even though he didn't use the words investment advisor, he admitted all of the things that were necessary to make him an investment advisor? Exactly, Your Honor. So you're not required to use all ten minutes, Mr. Aikens, here, unless you want to, but if you have anything else you would like to leave us with, that would be fine. No, I think I, given the lack of points to rebut, I think I'll just close by saying let's record this with our questions. I ask that you affirm the sentence in this case. All right, thank you very much. And the court will take this case under advisement. And having heard our cases for today, the court will now be in recess.